UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PHILLIPS 66 COMPANY,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>NEW RAJA ENTERPRISES, et al.,<br><br>　　　　Defendants. | Case No. 15-cv-04762-WHO<br><br>**ORDER REGARDING MOTION FOR LEAVE TO AMEND**<br><br>Re: Dkt. No. 40 |

## INTRODUCTION

Plaintiff Phillips 66 Company initially sued defendants New Raja Enterprises, Daljit Singh, Balihar Singh, and Sucha Singh, the operators of a gas station in Hayward, California, for breach of contract and breach of guaranty arising from their failure to order the minimum volume of fuel and pay the amounts owed under their contract with Phillips 66. Phillips 66 seeks leave to amend its complaint to add three causes of action for fraudulent inducement, intentional misrepresentation, and negligent misrepresentation. Its motion is suitable for disposition without oral argument and the hearing on May 18, 2016 is VACATED.

Defendants do not oppose the addition of the fraudulent inducement or intentional misrepresentation causes of action. But the proposed negligent misrepresentation claim is inadequately pleaded. Accordingly, the motion to amend is GRANTED and the negligent misrepresentation claim is DISMISSED for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), with leave to amend.

## BACKGROUND

On or about February 6, 2006, the Singhs executed a personal guaranty for the prompt payment of any and all present and future indebtedness of New Raja to ConocoPhillips. Compl. ¶ 10 [Dkt. No. 1]. Two years later, ConocoPhillips entered into a 17-year Brand Reseller

Agreement (the "Contract") with New Raja under which New Raja was required to purchase a minimum amount of ConocoPhillips branded motor fuel and to maintain certain image and signage standards. *Id*. ¶ 9. In May 2012, ConocoPhillips assigned all of its rights, title, and interest in the Contract and the guaranty to Phillips 66. *Id*. ¶ 12.

Phillips 66 alleges New Raja breached its obligations under the Contract by failing to order the required minimum volume of fuel and failing to pay the amounts due under the Contract. It further contends that defendants fraudulently induced it to release its purchase option and misrepresented the reason they sought the release. Specifically, Phillips 66 asserts that in early June 2013, Sucha and Daljit Singh approached it to request an amendment to the Contract that would release Phillips 66's contractual option to purchase the gas station that New Raja operated. Sucha and Daljit Singh represented that they needed the release because they were in the process of obtaining a small business administration ("SBA") loan that required them to obtain a release of Phillips 66's purchase option. Proposed Amended Complaint ("PAC") ¶ 24 [Dkt. No. 40-1]. Sucha and Daljit Singh assured Phillips 66 that they were seeking the release "only for the purposes of obtaining the SBA loan, that the SBA loan would be used for cash flow purposes, and that the gas station would achieve the agreed upon minimum fuel volumes as a result." *Id*.

On June 20, 2013, New Raja and Phillips 66 amended the Contract to release Phillips 66's purchase option and increase the liquidated damages amount from $.03 per gallon to $.05 per gallon. *Id*. Less than a year later, Phillips 66 was "forced to terminate the contract [] because New Raja failed to purchase the minimum volume of fuel, and as of June 4, 2014, stopped purchasing fuel altogether." *Id*. Phillips 66 asserts that plaintiffs "misrepresented that they were only seeking release of the purchase option to obtain an SBA loan, that the SBA loan would be used for cash flow purposes, and that the gas station would achieve the agreed upon minimum fuel volumes and that New Raja would maintain certain image and signage standards, among others." *Id*. ¶ 26.

**LEGAL STANDARD**

Federal Rule of Civil Procedure 15(a) provides that a party may amend its pleading once as a matter of course within (i) 21 days after serving the pleading or (ii) 21 days after the earlier of

2

1    service of a responsive pleading or service of a Rule 12(b) motion.  Otherwise, "a party may
2    amend its pleading only with the opposing party's written consent or the court's leave," though the
3    court "should freely give leave when justice so requires."  Fed. R. Civ. P. 15(a).  In *Lockheed*
4    *Martin Corp. v. Network Solutions, Inc.*, the Ninth Circuit stated that leave to amend should be
5    freely given absent "(1) bad faith on the part of the plaintiffs; (2) undue delay; (3) prejudice to the
6    opposing party; and (4) futility of the proposed amendment."  194 F.3d 980, 986 (9th Cir. 1999).
7    "Absent prejudice, or a strong showing of any of the remaining [ ] factors, there exists a
8    presumption under Rule 15(a) in favor of granting leave to amend."  *Eminence Capital, LLC v.*
9    *Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (emphasis in original).

## DISCUSSION

Defendants' sole opposition to Phillips 66's motion for leave to amend is that the proposed amendment for negligent misrepresentation (the fifth cause of action) is really a tort claim for negligent false promise, which does not exist in California.  Oppo. at 2 [Dkt. No. 41] (citing *Tarmann v. State Farm Mut. Auto. Ins. Co.*, 2 Cal. Rptr. 2d 861 (Cal. Ct. App. 1991)).  Because there is no opposition to two of the proposed causes of action, I GRANT the motion to amend.

To state a claim for negligent misrepresentation, a plaintiff must allege: "(1) a misrepresentation of a past or existing material fact, (2) without reasonable grounds for believing it to be true, (3) with intent to induce another's reliance on the fact misrepresented, (4) ignorance of the truth and justifiable reliance thereon by the party to whom the misrepresentation was directed, and (5) damages."  *Fox v. Pollack*, 181 Cal. App. 3d 954, 962 (Ct. App. 1986).  *Tarmann* makes clear that a negligent misrepresentation claim must be based on a misrepresentation of past or existing material facts and not on a promise or prediction as to future events.  2 Cal. Rptr. 2d at 864; *see also Stockton Mortgage, Inc. v. Tope*, 233 Cal. App. 4th 437, 458 (2014) ("Although a false promise to perform in the future can support an intentional misrepresentation claim, it does not support a claim for negligent misrepresentation.").

In its reply brief, Phillips 66 concedes this distinction in California law but argues that its negligent misrepresentation claim is based on defendants' representation that "cash flow issues were the cause of their operations problems and that they had taken measures to correct their

1  faulty management and operational practices." Reply at 3 [Dkt. No. 42]. It argues defendants
2  made these representations in order to assuage Phillips 66's concerns that the gas station was not
3  operating properly and reverse its initial decision not to agree to the amendment.

4  But this is not what Phillips 66 alleged in the proposed amendment. Its allegations identify
5  the misrepresentation as Sucha and Daljit Singh's representation to Phillips 66 "that New Raja
6  would continue to purchase the minimum contract volume of fuel." PAC ¶ 39. This statement
7  does not discuss New Raja's attempts to correct its cash flow or operational issues as Phillips 66
8  argues. Instead, it is more consistent with a false promise theory of liability, that of a promise to
9  perform in the future, which Phillips 66 acknowledges it is pursuing under its fraudulent
10 inducement and intentional misrepresentation claims. This theory is not actionable under
11 negligent misrepresentation. *See Tarmann*, 2 Cal. App. 4th at 156 (holding that the insurer's
12 representation that it "would pay Plaintiff for all such repairs ... immediately upon completion of
13 those repairs" was not actionable because it was a promise of future performance); *Stockton*
14 *Mortgage, Inc*, 233 Cal. App. 4th at 458 (Defendant's "representation that it would obtain a
15 release of the notice of abatement action prior to the close of escrow likewise was a promise of
16 future performance, and thus cannot be the basis for a negligent misrepresentation cause of
17 action."). If Phillips 66's negligent misrepresentation claim is based on representations defendants
18 made at the relevant time period regarding past or existing material facts, it must clearly and
19 plausibly allege those representations. It has not done so yet.

20 The negligent misrepresentation claim as currently proposed is DISMISSED. Because a
21 proposed amendment is futile "only if no set of facts can be proved under the amendment to the
22 pleadings that would constitute a valid and sufficient claim or defense," *Sweaney v. Ada County,*
23 *Idaho,* 119 F.3d 1385, 1393 (9th Cir. 1997), and Phillips 66 has presented some facts that might
24 potentially form the basis of an actionable claim for negligent misrepresentation, I will allow leave
25 to amend.

26 Defendants, by way of their opposition brief, seek a 90-day extension on all deadlines in
27 order to provide for the potential need for increased discovery as a result of the proposed
28 amendments. There is no good cause to do so. The motion for leave to amend was properly

4

1  sought within the schedule set by the Court.  The amendments arise from the same nucleus of facts
2  as the original complaint, none of the parties have yet pursued written discovery nor have any
3  depositions been taken, and the fact discovery deadline is not until September 9, 2016.  The
4  request for a 90-day continuance of all deadlines is DENIED.

## CONCLUSION

Phillips 66's motion for leave to amend is GRANTED, but its negligent misrepresentation claim is DISMISSED as inadequately pleaded.  Defendants' request for a 90-day continuance of all deadlines is DENIED.  Phillips 66 may file an amended complaint with 10 days of this Order.

**IT IS SO ORDERED**.

Dated: May 16, 2016



WILLIAM H. ORRICK
United States District Judge